IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**KEVIN W. PADGETT,**

**Defendant.**                                          No. 00-cr-40004-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On June 7, 2010, Padgett filed a motion for deferment of payment of fine (Doc. 42). Padgettt requests that the Court allow him to defer payment of his fine until after he is released from prison. Based on the following, the Court dismisses Padgett's motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for new trial

based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, Padgett does not cite any case law or statute which allows the Court to consider his motion. **Rule 35** is inapplicable because this motion is brought almost 10 years *after* the sentencing and Judgment (June 30, 2000 and July 5, 2000, respectively); it does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the Government has not filed a motion to reduce. Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Padgett could bring this motion is a **§ 2255** collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**. After reviewing the pleading, it is not clear to the Court that Padgett intends to pursue a collateral attack.[1] Because the Court finds that Padgett's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

---

[1] In the event that Padgett wishes to file a collateral attack, the Court advises Padgett to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure** and the Court's Local Rules on how to properly file such a petition.

Accordingly, the Court dismisses for want of jurisdiction Padgett's June 7, 2010 motion for deferment of payment of fine (Doc. 42).[2]

**IT IS SO ORDERED.**

Signed this 14th day of June, 2010.

/s/ *David R Herndon*

**Chief Judge
United States District Court**

---

[2] If the Court were to have jurisdiction of this case, it would likely direct the Bureau to the recent case of ***United States of America v. Shabaka K. Boyd***, 7th Circuit, 09-1425, decided June 11, 2010, which clearly finds that participation in the Inmate Responsibility Program is voluntary and modifies a judgment which requires payment of a fine during incarceration.